NIEVES, PLAINTIFF AND APPELLANT, *v.* MULLENHOFF ET AL.,
DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in
an Action of Debt.

No. 1135.—Decided May 27, 1915.

APPEAL—JUDGMENT DISMISSING COMPLAINT—NOTICE OF APPEAL—PARTIES TO AP-
PEAL.—A judgment which simply dismisses the complaint discharges all the
defendants from liability, and in order that the appellate court may reverse
the judgment and hold that a cause of action exists, it is necessary that
all the defendants be served with notice of the appeal, especially in the
present case in which as the action against two of the defendants is sub-
sidiary to that against the other defendant who was not notified of the appeal
and dependent upon the existence of a cause of action against the last named,
it would have to be determined first whether he is under obligation to pay
the amount claimed, for, if not, there would then be no cause of action against
any of the defendants.

ID.—DISMISSAL OF APPEAL—NOTICE OF APPEAL.—Failure to comply with the
requirement of section 296 of the Code of Civil Procedure to serve notice
of appeal on a necessary party is ground for the dismissal of the appeal,
in conformity with section 303 of the same code.

The facts are stated in the opinion.

Mr. *José de Guzmán Benítez* for the plaintiff.

Messrs. *Francis E. Neagle* and *Frank Antonsanti* for de-
fendants William Ludwig Mullenhoff and Francisco M. Ca-
dilla.

MR. JUSTICE ALDREY delivered the opinion of the court.

Pedro J. Nieves, as assignee of the interests of Julio
Maysonet Rivera, filed a complaint in the District Court
of San Juan, Section 1, against William E. Mullenhoff, Wil-
liam Ludwig Mullenhoff and Francisco Cadilla, in which he
alleged substantially that his assignor had sold to William
E. Mullenhoff a property for $2,000, of which the purchaser
retained $1,000 to be delivered to the vendor when the lat-
ter should have performed a certain act to which he bound
himself; that when the purchaser recorded his title in the
registry of property the liability for the $1,000 of the pur-
chase price was noted in the record; that when William Lud-
wig Mullenhoff, the mortgagee of the property, recorded his

mortgage right in the registry it was mentioned in the lien clause of the record that the property was subject to the payment of the said $1,000; that when Francisco M. Cadilla purchased the property at public auction he knew from the registry of property of the lien to which the property was subject. The complaint concluded with the prayer that William E. Mullenhoff be adjudged to pay to the plaintiff the $1,000 which he owed as a part of the purchase price of the property and that in case he should fail to do so, the plaintiff have preference over the other two defendants to enforce his claim against the property by execution.

The complaint was demurred to by defendants William Ludwig Mullenhoff and Francisco M. Cadilla on the ground, among others, that it did not state facts sufficient to constitute a cause of action, and after a hearing thereon the court sustained the demurrer and dismissed the complaint with costs. From that judgment Pedro J. Nieves took the present appeal and he as well as William Ludwig Mullenhoff and Francisco M. Cadilla appeared before this court each in support of his respective claim.

The complaint does not pray for the rescission or termination of the contract of bargain and sale between William E. Mullenhoff and Julio Maysonet, the plaintiff's assignor, for the failure of the former to pay to the latter the sum of $1,000, the balance due on the purchase price of the property, therefore the question of whether the termination of the contract would affect the rights of defendants William Ludwig Mullenhoff and Francisco M. Cadilla is not a matter for consideration. The complaint only seeks to recover the said amount from William E. Mullenhoff and it does not appear therefrom that the said amount is secured by a mortgage duly recorded in the registry of property, but only that it is mentioned in the record.

In considering the case we observe that by the terms of the judgment appealed from it discharges all the defendants from liability for the claims set up in the complaint, inas-

much as it simply dismisses the action, and in order that this court might reverse the judgment and hold that a cause of action exists, it would be necessary that all the parties whom our judgment could affect should be before us, especially as the action against William Ludwig Mullenhoff and Francisco M. Cadilla being subsidiary to that against William E. Mullenhoff and dependent upon the existence of a cause of action against the last named, it would first have to be determined whether he is under obligation to pay the amount claimed, for if not, there would then be no cause of action against any of the defendants. This is the conclusion reached also by the trial judge, for, according to his opinion in the case, the purchaser was not bound to pay the $1,000 sued for. For these reasons and because it does not appear from the transcript of the record that William E. Mullenhoff was served with notice of the appeal, we desired to hear the parties who appeared before us as to whether William E. Mullenhoff is a necessary party to the appeal and whether the appeal ought to be dismissed.

On this point the appellant alleges in his brief that the said defendant is a necessary party to the suit, that he was summoned by publication and that he was not served with notice of the appeal, but nothing is said as to whether he is a necessary party to the appeal.

As we have stated before, defendant William E. Mullenhoff is a necessary party to this appeal and should have been served with notice thereof. Failure to comply with this requirement of section 296 of the Code of Civil Procedure is ground for dismissal of the appeal in conformity with section 303 of the same code. *Candelas* v. *Ramírez,* 20 P. R. R., 31, and *Martínez* v. *Succession of Laurido,* 21 P. R. R., 29.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.